**GREER MARINE CORPORATION,**
Plaintiff,
v.
**SEABOARD MARITIME CORPORA-TION, Defendant.**
**TCA No. 511.**

United States District Court
N. D. Florida, Tallahassee Division.
June 29, 1955.

Blackwell, Walker & Gray, Miami, Fla., for plaintiff.

Caldwell, Parker, Foster & Wigginton, Julius F. Parker, Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

This suit was instituted by plaintiff under the provisions of the Declaratory Judgment Law of the United States, particularly Sections 2201 & 2202, Title 28 U.S.C.A. and also under the Patent Laws of the United States, in which plaintiff seeks the judgment of this court as to whether it is guilty of an alleged infringement of Patent No. 2,656,810 held by defendant.

Plaintiff alleged that it is the manufacturer of hydraulically operated hatch covers and has contracted with Ingalls' Shipbuilding Corporation of Birmingham, Alabama, to install one or more of such hatch covers upon ships being built by Ingalls for the United States Maritime Administration and that it has received written notice from defendant that it is infringing defendant's said patent in the manufacture of said hatch covers. In its complaint plaintiff alleges that Patent No. 2,656,810 is invalid. In its concluding paragraph of the complaint plaintiff alleged that defendant had offered to surrender to the Commissioner of Patents said Letters Patent No. 2,656,-810 in consideration of the grant of a re-issue of such Letters Patent to which application for said re-issue plaintiff had no access and to its knowledge and belief said re-issue had not been granted.

Plaintiff claimed no right to manufacture the hatch covers described in its complaint under any patent issued to any one and in its complaint did not, in any manner, describe the hatch covers it was, in fact, under contract to manufacture for Ingalls' Shipbuilding Corporation. On motion of defendant the court, on March 28, 1955, entered an order directing that plaintiff file, as a part of the record in this case, a complete set of specifications and drawings for the hydraulically operated hatch covers as described in paragraph No. 5 of the complaint on or before April 11, 1955. Plaintiff complied with this order by filing a set of specifications and drawings, but in which the patent applicable to such specifications and drawings was blocked out.

On May 13, 1955 defendant filed its answer in which it set forth that it had surrendered to the Commissioner of Patents said Letters Patent No. 2,656,810 and had been granted a re-issue on March 8, 1944 as U. S. Re-issue No. 23,959 by the U. S. Patent Office. In its answer defendant denied the invalidity of Patent No. 2,656,810 or Re-issue No. 23,959 and other material allegations of the complaint. Defendant also filed with its answer a counterclaim in which it alleged that the plans and drawings filed by plaintiff in response to this court's order of March 28, 1955 showed on their face that plaintiff was, in fact, infringing upon defendant's Patent No. 2,656,-810 and Re-issue No. 23,959 and by its counterclaim sought damages against plaintiff and prayed for the entry of an injunction permanently restraining plaintiff from either manufacturing or causing to be manufactured hatch covers such as are described in paragraph No. 5 of plaintiff's complaint and as exemplified by the plans and drawings filed in this proceeding under order of this court.

On the same day defendant also filed a motion to strike paragraphs Nos. 8, 9, 10, 11, 12, 13 & 14 of the complaint and motion for summary judgment. Plaintiff, on June 9, 1955, filed its answer to the counterclaim in which it denied that

the plans and drawings filed by it in this cause show substantially upon their face that such hatch covers constitute an infringement of U. S. Re-issue No. 23,959, but, on the contrary allege that said plans and drawings show on their face there is no infringement of said patent. Plaintiff further replied in its answer that said Re-issue No. 23,959 is void, invalid and of no effect for the reasons alleged in paragraphs Nos. 8, 9, 10, 11 and 12 of the original complaint, with respect to the original Patent No. 2,656,810 to which the original complaint was directed.

The motion to strike and motion for summary judgment were set down for hearing before the court on June 21, 1955. Affidavits were filed by plaintiff in opposition to the motion for summary judgment and affidavits were filed by defendant in support thereof. The court first heard argument upon the motion to strike and during the course of the argument plaintiff conceded that the validity of U. S. Re-issue No. 23,959, issued March 8, 1955, is not an issue in this cause, whereupon the court struck paragraphs Nos. 8, 9 and 10 of the complaint, which raised the question of invalidity of the original and the re-issue patent. Paragraphs 11 and 12 raise no issue of validity.

In its affidavits filed in opposition to the granting of the summary judgment plaintiff asserted no rights to manufacture the hatch covers in question under any patent in this completely monopolistically patented field. The exhibits filed by plaintiff, in compliance with the order of this court, strongly indicate upon their face that the hatch covers being manufactured by plaintiff constitute an infringement of original Patent No. 2,656,-810 and Re-issue No. 23,959. The affidavits and exhibits filed by defendants in support of its motion for summary judgment conclusively show this to be the fact. Upon the state of the pleadings before this court in this case it is apparent to the court that this is a nuisance suit brought by plaintiff to harrass and delay defendant until plaintiff may com-plete its contract with Ingalls' Shipbuilding Corporation for the manufacture and delivery of the hatch covers called for by said contract.

An appropriate order will be entered in this case dismissing the complaint and granting the injunctive relief sought by defendant in its counterclaim.