**GREER MARINE CORPORATION, Plaintiff,**

v.

**SEABOARD MARITIME CORPORATION, Defendant.**

Civ. A. No. 511.

United States District Court
N. D. Florida, Tallahassee Division.

Nov. 4, 1955.

Blackwell, Walker & Gray, Miami, Fla., for plaintiff.

Caldwell, Parker, Foster & Wigginton, Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

Under date of June 21, 1955 the court filed herein its memorandum decision on defendant's motion for summary judgment. 132 F.Supp. 507. In that memorandum decision the court found, upon concession made by counsel for plaintiff, that the validity of defendant's U. S. Reissue Patent No. 23959 is not an issue in the case and further that the affidavits and exhibits filed by defendant in support of its motion for summary judgment clearly show that the hatch covers being manufactured by plaintiff, which were the subject matter of this litigation, constituted an infringement of defendant's original Patent No. 2656810 and Reissue Patent No. 23959. Pursuant thereto the court stated that an appropriate order would be entered in the case dismissing the complaint and granting the injunctive relief sought by defendant in its counterclaim filed herein. Any adjudication as to damages was deferred. Upon the coming down of this memorandum decision counsel for plaintiff filed a petition for rehearing and the court has permitted oral argument there-

on and the filing of briefs by the respective parties touching the correctness of the salient provisions of the memorandum decision filed herein.

Plaintiff bottomed this litigation upon the allegation that there was a justiciable controversy between plaintiff and defendant as to whether the hatch covers being manufactured by plaintiff were an infringement of defendant's Patent No. 2656810 and that because of the existence of such controversy plaintiff had the right to come into this court and have the matter adjudicated under the provisions of the Declaratory Judgment Statutes of the United States. 28 U.S.C.A. §§ 2201, 2202.

Confusion as to the issues in the case grows out of the fact that at the time the complaint was filed defendant had proffered to the Patent Office to surrender Patent No. 2656810 and had, at the same time, made application for a reissue thereof with certain specified improvements. In its answer filed May 13, 1955 defendant set forth that it had surrendered to the Commissioner of Patents said Letters Patent No. 2656810 and had been granted a reissue on March 8, 1954, as U. S. Patent Reissue No. 23959. When the case came on for hearing on defendant's motion for summary judgment counsel for plaintiff erroneously conceded, on argument, that the validity of Reissue Patent No. 23959 was not an issue in the case.

Upon further review and careful study of the pleadings, it now appears that the court was in error (being misled by the admission of counsel for plaintiff) in assuming that the validity of Reissue Patent No. 23959 is not an issue in this case. The validity of this patent is placed in issue by plaintiff's reply to the counterclaim of defendant.

In order to clear the atmosphere and straighten the record the court finds and holds that no justiciable issue exists between plaintiff and defendant in so far as the original suit is concerned, the issue attempted to be raised by plaintiff's complaint having become moot by subsequent events, as disclosed in the note below.[1]

The court again finds and holds in conformity with an earlier memorandum decision of this court, that the affidavits and exhibits filed by defendant in support of its motion for summary judgment clearly show that the hatch covers that were being manufactured by plaintiff at the time the original suit was instituted

1. In their brief and argument on motion for rehearing counsel for plaintiff made the following statements:

(a) "Plaintiff completed delivery of its hatch covers to Ingalls Shipbuilding Corporation May 14, 1955, long before the motion for summary judgment was ever originally set for hearing."

(b) "So now at this stage of the game, if Your Honor please, if you disregard the declaratory judgment suit in its entirety, there is a suit for infringement against us now to which we have replied. So, if Your Honor questions, Your Honor's misgivings in the matter has complete foundation in law, assuming it has, the matter has been passed now by the circumstances that we are now sued for infringement by Seaboard Maritime Corporation and we have joined issue with them, and all we need is an adjudication of the infringement suit. We can forget all about the declaratory judgment. For practical purposes the declaratory judgment suit was merely an instrumentality, as the law provides, to compel these fellows to sue us, which they did. We invited the suit; that is what it amounts to."

(c) "I will say one thing further, Your Honor, All of this will be supported by affidavits if Your Honor will give me leave to support it. This particular little self-lifter that is involved in this particular suit is only one step in our development. We have already developed away beyond it. If Your Honor should issue an injunction we would not even need to ask Your Honor for a supersedeas because we are making something now that is entirely different and that is what we are offering to the trade, so the thing that we are complaining about is that this decision is hurting us; especially the expression of Your Honor that we have brought a nuisance suit. It is hurting us in the trade, hurting us in business and it is not doing the defendant any good."

and being sold Ingalls Shipbuilding Corporation constituted an infringement of original Patent No. 2656810. Plaintiff was granted and had its full day in court on this issue and will not be granted a rehearing.

As to whether defendant is entitled to recover damages for the infringement will be determined upon the trial of the issues of whether defendant's patents were and are void or inoperative for the reasons claimed in the reply to the counterclaim.

Since the issues raised by the original complaint filed by plaintiff have become moot no injunction will issue in the case, unless and until it is shown upon subsequent proof that plaintiff is still using defendant's patent in the construction of hatch covers and the validity of defendant's patents are established.

No order in the case is necessary at this time and the case will proceed to trial upon the counterclaim and the reply thereto.